# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SIESTA SOL, LLC,<br>Plaintiff<br><br>v.<br><br>BROOKS PHARMACY, INC.,<br>Defendant | C.A. No. 05-401S |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now comes Defendant Brooks Pharmacy, Inc., and, pursuant to Fed. R. Civ. 56(c) and Local Rule 12.1, hereby moves for the entry of summary judgment in its favor and against Plaintiff on all Counts of Plaintiff's Complaint. In support of this Motion, Defendant states that there are no genuine issues of material fact in dispute and that Defendant is entitled to judgment as a matter of law on all Counts of the Complaint. In further support of its Motion, Defendant relies upon its Statement of Undisputed Material Facts, its Memorandum of Law, and the Affidavit of Timothy Porter, all of which are filed contemporaneously herewith and incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c).

WHEREFORE, Defendant requests the entry of summary judgment in its favor and against Plaintiff on all Counts of Plaintiff's Complaint.

BROOKS PHARMACY, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Michael A. Gamboli (CPM/7109)

Carolyn P. Medina

Michael A. Gamboli (#4684)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was sent on this 6th day of July, 2006 to:

Robert D. Fine, Esq.
Bret W. Jedele, Esq.
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

Bernice A. Sousa

865210_1/4425-13

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SIESTA SOL, LLC,
Plaintiff

v.

BROOKS PHARMACY, INC.,
Defendant

C.A. No. 05-401 S

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

There is no dispute to the following basic facts. From 2001 to 2004, Siesta Sol supplied apparel to Eckerd Corporation ("Eckerd") through a series of oral agreements. Eckerd never had a written contract with Siesta Sol. The Jean Coutu Group (PJC) USA ("Jean Coutu"), through subsidiaries, operates the Brooks Pharmacy chain ("Brooks"). On July 31, 2004, Jean Coutu acquired Eckerd. The Brooks employees in charge of purchasing apparel for Brooks were put in charge of purchasing apparel for Eckerd. Brooks allowed Siesta Sol to continue to supply apparel to Eckerd stores through 2004. Brooks never entered into a written agreement with Siesta Sol. In late January of 2005, Brooks was provided a catalog of spring/summer products from Siesta Sol and ordered certain products for Eckerd locations. There was a meeting on February 23, 2005 between the parties to discuss other programs. Siesta Sol has filed this lawsuit claiming that Brooks employee Timothy Porter orally agreed at the February 23rd meeting to purchase fall/holiday merchandise from Siesta Sol for Eckerd.

Brooks is entitled to summary judgment because the Statute of Frauds, R.I. Gen. Laws § 6A-2-201, provides a complete defense to Siesta Sol's alleged oral contract for the sale

of goods valued at over $500 and none of the recognized exceptions to the Statute of Frauds apply.

Siesta Sol's attempt to avoid the Statue of Frauds by claiming promissory estoppel also fails as a matter of law. At least one Rhode Island court has followed the majority of courts around the country in forbidding the use of promissory estoppel to avoid the familiar and unambiguous requirements of the Statute of Frauds. Siesta Sol's promissory estoppel claim also fails because the elements of that claim have not been demonstrated.

Accordingly, Brooks asks that summary judgment enter in its favor on both counts of Siesta Sol's complaint.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is "material" if it potentially affects the outcome of the suit and "genuine" if the parties' positions on the issue are supported by conflicting evidence. Int'l Ass'n of Machinists v. Winsheep Green Nursing Ctr., 103 F.3d 196, 199-200 (1st Cir. 1996). Although the Court must examine the record in the light most favorable to the non-moving party, defeating a properly documented motion for summary judgment requires more than "the jingoistic brandishing of a cardboard sword." Id. This is especially true in claims upon which the non-movant bears the burden of proof. In such circumstances, the non-movant must point to specific facts sufficient to create an authentic dispute in order to avoid the imposition of summary judgment. Id.

## III. ARGUMENT

### A. Plaintiff's Breach Of Contract Claim Is Barred By The Statute Of Frauds.

R.I. Gen. Laws § 6A-2-201 provides that:

> 6A-2-201. Formal Requirements – Statute of Frauds. – (1) Except as otherwise provided in this section, a contract for the sale of goods for the price of five hundred dollars ($500) or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his or her authorized agent of broker.

Plaintiff sole claim is that "[i]n February 2005, consistent with past practice, Brooks placed orders with Siesta Sol and met and entered into an oral contract for the purchase of seasonal apparel for the rest of 2005 for 1,406 stores that Brooks acquired from Eckerd." Complaint at ¶ 5. By definition, Siesta Sol claims to have entered into an oral agreement for the sale of goods valued at over $500. This was in fact consistent with past practice, as Eckerd never had a written contract with Siesta Sol. Deposition of Siesta Sol CEO Richard Kaplan ("Kaplan Dep."), at 32:2-4. Siesta Sol's claim is barred by the Statute of Frauds, which requires such an agreement to be in writing and signed by the parties. R.I. Gen. Laws § 6A-2-201.

### B. No Exceptions To The Statute of Frauds Apply

The narrow exceptions to the Statute of Frauds are inapplicable. For example, R.I. Gen. Laws § 6A-2-201(2), provides that:

> Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten (10) days after it is received.

This provision gives promisee merchants the power to ensure that an oral agreement will be enforceable by sending a written confirmation. To be "sufficient against the sender", the confirmation "needn't expressly state that it is sent in confirmation of the prior transaction, but it

must state that a binding or completed transaction has in fact been made." Doral Hosiery Corp. v Sav-A-Stop, Inc., 377 F. Supp. 387, 389 (E.D.Pa. 1974) Furthermore, "the writing [must] afford a basis for believing that the offered oral evidence rests on a real transaction." Id.

Siesta Sol has never alleged or produced any written confirmation of any oral agreement by Brooks to purchase fall or holiday merchandise. In fact, Siesta Sol admits that the normal course of dealing would have required Siesta Sol to provide a sample catalog of merchandise from which Brooks could order, and then to discuss, negotiate and arrive at material terms such as the specific items to be purchased, their price and their quantity. Kaplan Dep. at 19-20. This undisputedly never happened with respect to fall or holiday merchandise.

R. I. Gen. Laws § 6A-2-201(3)(b) allows enforcement of an oral contract "if the party against whom enforcement is sought admits in his or her pleading, testimony, or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted…." This exception is inapplicable as Brooks has consistently denied the existence of any agreement to purchase a fall or holiday line of products. See Answer ¶¶ 5-14; Brooks' Answers to Plaintiff's Interrogatories at No. 4 and 19; Affidavit of Timothy Porter ("Porter Aff.") at ¶¶ 7-9.[1]

**C. The Parties "Course of Dealing" is Irrelevant.**

Siesta Sol has alleged that the oral agreement was "consistent with past practice." Complaint at ¶ 5. However, even if true, this fact would not prevent the application of the Statute of Frauds. In Webster-Tapper Co. v. Eastern Hay Company, 39 R.I. 482 (1916), the defendant and plaintiff has entered into oral agreements for the purchase of oats each year for a

[1] The other exceptions to the Statute of Frauds, R.I. Gen. Laws § 6A-2-201(3)(a)(involving specially manufactured goods already made or procured) and R.I. Gen. Laws § 6A-2-201(3)(c)(for goods that have been received or for which payment has been made) are not discussed because they have no potential application to this case.

number of years. Despite this history, and the usual oral agreement, defendant refused to take delivery and pay for the goods. The plaintiff sought to introduce evidence of trade practices and of past practices of the parties (involving sales by oral agreement only) as evidence of a purported waiver of any Statute of Frauds defense by the defendant. However, the trial judge excluded this evidence as irrelevant. In upholding this decision, the Rhode Island Supreme Court stated that:

> Whatever may have been his conduct with reference to other transactions with the seller, and whatever may have been the conduct of others, in transactions as to which such persons have not desired to raise the defense of the statute, a buyer is not thereby precluded from interposing this defense as to any specific transaction.

Webster-Tapper, 39 R.I. at 484.

Similarly, the fact that the parties may have done business in the past in a certain manner has no effect on Brooks' ability to raise the Statute of Frauds as a defense to this action seeking to enforce an admittedly oral contract. Simply put, course of dealing is irrelevant.

**D. Even Absent The Statute Of Frauds, There Was No Meeting Of The Minds On Any Material Contract Terms.**

No contract, oral or otherwise, was ever formed in this case because the parties never agreed on any material terms. In Rhode Island, "[e]very contract must be formed though mutual assent or, in other words, an intention to promise or be bound through offer and acceptance." Filippi v. Filippi, 818 A.2d 608, 623-24 (R.I. 2003). See also, Wagnieri v. Dunnell, 29 R.I. 580, 584 (1909)("Memorandum must contain the material substantive terms of the contract."); Vigneaux v. Carriere, 845 A.2d 304, 306 (R.I. 2004)("A note or memorandum satisfies the statute if it provides the identity of the seller and the buyer, their respective intention to sell and to purchase, [a] description of the subject matter of the sale… the purchase price, and

the terms of payment…"); Doral Hosiery Corporation v Sav-A-Stop, Inc., 377 F.Supp. 387, 389 (E.D.Pa. 1974) (the requirement that a writing state a quantity is mandatory and a writing that fails to do so does not satisfy the Statute of Frauds.). Even if the Statute of Frauds did not apply, it is undisputed that Brooks and Siesta Sol did not ever agree to any material contract term. "There was never any specific discussion of a fall or holiday product line. I was never provided with a catalog of fall or holiday merchandise. I never selected any products, I never discussed or agreed upon purchasing any set quantities of products, and I never discussed or agreed to purchase any dollar value or set copy price or any merchandise." Porter Aff. at ¶ 13. Even Mr. Kaplan concedes that the price of products is a product of negotiations and "a give and take" between the parties. See Kaplan Dep. at 24 and discussion infra at pp. 10-11. The parties did not agree upon any terms material to the future sale of fall/holiday merchandise and did not determine any quantities of any particular products. There simply is no evidence demonstrating the existence of even an oral contract. The Plaintiff's claim for breach of contract therefore fails as a matter of law.

**E. Plaintiff's Claim For Relief Under The Doctrine Of Promissory Estoppel Fails Because Promissory Estoppel Is Not An Available Remedy Where The Statute Of Frauds Otherwise Bars Enforcement Of An Oral Contract.**

Plaintiff seeks to apply the doctrine of promissory estoppel to avoid the requirements of the Statute of Frauds. Numerous courts have denied such application as it would render the Statute of Frauds a nullity. See Cox v. Cox, 289 So.2d 609, 613 (Ala. 1974)( to permit a promissory estoppel exception to the Statute of Frauds "would be to utterly destroy the statute."); Tiffany, Inc. v. W.M.K. Transit Mix, Inc., 493 P.2d 1220, 1225 (Ariz. 1972)(allowing application of promissory estoppel only when there has been a misrepresentation that the Statute of Frauds has been complied with or there has been a promise to make a memorandum of an oral agreement); C.G. Campbell & Son, Inc. v. Comdeq Corporation, 586 S.W.2d 40, 41 (Ky. App.

1979)( "any attempt by the courts to judicially amend this statute which is plain on its face would contravene the separation of powers mandated by the Constitution"); Del Hayes & Sons, Inc. v. Mitchell, 230 N.W.2d 588, 594 (Minn. 1975)("a promissory estoppel exception would likely render the statute of frauds nugatory"); Anderson Construction Co., Inc. v. Lyon Metal Products, 370 So.2d 935, 937 (Miss. 1979)( the creation of a promissory estoppel exception to the statute of frauds "would destroy the purpose of the statute to prevent frauds and perjuries"); Farmland Service Coop., Inc. v. Klein, 244 N.W.2d 86, 90 (Neb. 1976)(allowing promissory estoppel to evade the requirements of the statute of frauds would "rende[r] it nugatory"); Lige Dickson Company v. Union Oil Company of California, 635 P.2d 103 (Wash. 1981).

The Lige case is instructive. In Lige, the parties had a 25-year long relationship during which they never executed a single written contract or purchase order. The plaintiff (a paving company) purchased all its liquid asphalt from the defendant. When the price of asphalt rose suddenly, the plaintiff sought, and allegedly received, a price guaranty from the defendant for the quantity of liquid asphalt needed to satisfy the plaintiff's then-existing contracts. Several months later, the defendant refused to honor the guaranty, and the plaintiff claimed to have been unable to seek new paving contracts, and that it paid significantly more to honor its existing contracts. The plaintiff sued, seeking damages, including lost profits, and asserting promissory estoppel as the basis for enforcement. Lige, 635 P.2d at 103-04.

In holding that promissory estoppel was not applicable to claims involving the sale of goods, the Lige court stated:

> The Uniform Commercial Code was adopted to regulate commercial dealings.
>
> ...
>
> If we were to adopt [promissory estoppel] as applicable in the context of the sale of goods, we would allow parties to circumvent the U.C.C. For example, to prove justifiable reliance, (an element of

> promissory estoppel), the promisee may offer evidence of course of dealing between the parties, as plaintiff did in this case. The Official Comments to RCWA 62A.1-205(4) state that the statute of frauds 'restricts the actions of the parties, and ... cannot be abrogated by agreement, or by a usage of trade... (internal citations omitted)

Id. at 107. The Statute of Frauds exists "to prevent fraud and perjury with respect to the agreements governed thereby by requiring for their enforcement the more reliable evidence of some note or memorandum in writing signed by the party to be charged, or his agent in his behalf." Cox v. Cox, 289 So.2d at 612. In essence, it prevents a plaintiff from creating a triable issue of fact on his say-so alone. This is the very essence of the Statute of Frauds, and it should not be able to be circumvented by application of promissory estoppel.

In addition, where, as here, a plaintiff fails to avail itself of the available exceptions, promissory estoppel should not be allowed as an additional avenue for relief. In C.G. Campbell & Son, Inc. v. Comdeq Corp., 586 S.W.2d 40, (Ky. 1979) the court, in declining to apply promissory estoppel to defeat the requirements of the Statute of Frauds, stated:

> [T]he Uniform Commercial Code is a legislative attempt to achieve uniformity of law among the states as to commercial practices, and the limited relief provided by 2-201(2) is as far as the legislature was willing to go. The policy this state shall adopt with respect to commercial practices is properly a legislative concern and the language of the statute is not ambiguous.

Id. at 41. Siesta Sol had every opportunity to send a written confirmation of the alleged agreement of February of 2005 before it was terminated as a vendor by Brooks in May of 2005. This Court should not fashion an additional exception to the clear and unambiguous language of § 6A-2-201 where the Plaintiff has the ability to ensure that an oral agreement is enforceable, but does not. To do so would not only render the Statute of Frauds a nullity, but it would also undermine the policies for which the UCC was adopted.

The Rhode Island Courts have also spoken on this issue. In Tyler Finance, L.P. v. The Worcester Company, 2001 R.I. Super. LEXIS, 6, the Rhode Island Superior Court denied an attempt to use promissory estoppel as a means by which to avoid the requirements of the Statute of Frauds. In Tyler, the plaintiff claimed that the parties had reached an agreement in a telephone conversation for the sale of equipment and machinery and that this agreement covered all terms material to the sale. No document signed by the parties indicating such an agreement was offered to the court. Rather, the plaintiff relied on the telephone conversation and the defendant's representative's statement that "you have a deal." The court held that:

> [w]ithout more, merely stating 'you have a deal' does not satisfy the Statute of Frauds. Therefore, the alleged oral agreement between the parties for the sale of the goods is unenforceable unless one of the exceptions provided for in 6A-2-201(c) apply.

Id. at *8. After finding that no exceptions applied, the court considered the plaintiff's claim that promissory estoppel applied to allow enforcement of the agent's "promise." The court held that the doctrine did not apply, stating, "[a]lthough there are allegations that Tyler's representative made a promise to sell the machinery and equipment, or that Tyler's representative stated 'you have a deal,' any 'deal' or agreement was still subject to documentation that was never signed and executed." Id. at *10.

Given the policy rationales for both the Statute of Frauds and the Uniform Commercial Code, the exceptions to the Statute of Frauds already existing in § 6A-2-201, as well as the Rhode Island Superior Court's refusal to apply promissory estoppel in Tyler, and its holding that course of dealings between parties is irrelevant in cases involving sales of goods and a Statute of Frauds defense (Webster-Tapper), it is quite clear that promissory estoppel should not be applied to cases involving the sales of goods.

### F. Plaintiff Has Not Satisfied the Elements of a Promissory Estoppel Claim.

Promissory estoppel requires: (1) a clear and unambiguous promise: (2) reasonable and justifiable reliance upon the promise; and (3) detriment to the promisee, caused by his or her reliance on the promise. Filippi v. Filippi, 818 A.2d 608, 626 (R.I. 2003). In this case, even taking the facts in a light most favorable to the Plaintiff, Plaintiff cannot prove that there ever was a clear and unambiguous promise. The Rhode Island Supreme Court has described this requirement:

> The terms of the promise must be certain, for there can be no promissory estoppel without a real promise. Promissory estoppel cannot be based upon preliminary negotiations and discussions or on an agreement to negotiate the terms of a contract.

B.M.L. Corp. v. Greater Providence Deposit Corp., 495 A.2d 675, 677 (R.I. 1985).

Plaintiff admits, in describing the "past practice", purchasing "worked by our presenting a program at the beginning of the season and Eckerd would select the items they wanted and that was that. It worked for each season, a spring/summer program and a fall/holiday program." Plaintiff's Answers to Interrogatories, at No. 10. Further, it is clear from Mr. Kaplan's deposition testimony that just arriving on a price once merchandise was selected is in an of itself a fuzzy process. To wit:

> Q: Did you negotiate price?
> A: We would talk price…
>
> Q: …the more [Eckerd] was going to order, the better price you could negotiate from your source?
> A: In some cases, in some cases not, …
>
> Q: Did you negotiate price with him [Eckerd representative]?
> A: We would discuss price….. Some of that occurred, some of it was really more like, this is the price that we can manufacture this for.
>
> Q: So there was a give-and-take, fair to say?
> A: There was a give and take relative to what the prices were and what the items are…

Kaplan Dep. at 21-24. It is also clear that there was typically no agreement until a final written confirmation existed between the parties. Kaplan Dep. at 35:6-36:3 (discussing the order process with Eckerd, and agreeing that the typical process with Eckerd was to confirm all the orders in writing just to make sure everyone was on the same page; it was a "confirmation of the details" like "items[s], price, quality, delivery dates").

There is no dispute that Siesta Sol never provided a merchandise catalog, and that Brooks never even started to choose any specific merchandise for fall or holiday. Porter Aff. at ¶ 13. As such, there was certainly no agreement on quantities, shipment dates or pricing of these unspecified items. Id. As a matter of law, the vague oral discussions of February 23rd cannot form the legal basis for the required clear and unambiguous promise. See B.M.L. Corp., 495 A.2d at 677 ("[p]romissory estoppel cannot be based upon preliminary negotiations and discussions or on an agreement to negotiate the terms of a contract.").

Because Plaintiff has alleged and admits that the alleged "promise" it is seeking to enforce was a promise by Brooks to purchase unspecified merchandise in the future, the promise is, at best, nothing more than an agreement to negotiate the terms of a contract. "Promissory estoppel cannot be based upon preliminary negotiations and discussions or on an agreement to negotiate the terms of a contract." B.M.L. Corp., 495 A.2d at 677. Plaintiff therefore cannot satisfy the requirement that any promise to be enforced by promissory estoppel be clear and unambiguous and the claim must fail.

## IV. CONCLUSION

Based upon the foregoing, it is respectfully requested that summary judgment enter in favor of Defendant and against Plaintiff on all Counts of Plaintiff's complaint.

Respectfully submitted,

BROOKS PHARMACY, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Michael A. Gamboli (#4684)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903-7120
(401) 861-8200
(401) 861-8210 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the within Memorandum in Support of Defendants' Motion for Summary Judgment was mailed, postage prepaid, on this 6th day of July, 2006 to:

Robert D. Fine, Esq.
Bret W. Jedele, Esq.
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

855530_2