**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SIESTA SOL, LLC,<br>Plaintiff<br><br>v.<br><br>BROOKS PHARMACY, INC.,<br>Defendant | C.A. No. 05-401S |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Now comes Defendant, Brooks Pharmacy, Inc. ("Brooks"), and pursuant to pursuant to Fed. R. Civ. P. 56(c) and Local Rule 12.1(a)(1), files its Statement of Undisputed Material Facts as to which there is no genuine issue necessary to be litigated.

1. Plaintiff, Siesta Sol, LLC ("Siesta Sol"), is a Florida limited liability company with a principal place of business in Florida.

2. Defendant, Brooks, is a Delaware corporation with a principal place of business in Warwick, Rhode Island.

3. Siesta Sol supplied apparel to Eckerd Corporation in or about the years 2002 through 2004. See Complaint at ¶ 4; Siesta Sol Interrogatory Answer No. 8.

4. During these years Siesta Sol and Eckerd never entered into a written agreement. Deposition of Siesta Sol CEO Richard Kaplan ("Kaplan Dep."), at 32:2-4.

5. The Jean Coutu Group (PJC) USA acquired Eckerd in July, 2004. Affidavit of Timothy Porter ("Porter Aff.") at ¶ 3. Jean Coutu also operates the Brooks Pharmacy chain. Id. at ¶ 2.

6. Donald Poitras and Timothy Porter are employees of Jean Coutu and responsible for purchasing apparel for Brooks and Eckerd. Porter Aff. at ¶ ¶ 4-6.

7. Brooks allowed Siesta Sol to continue to supply apparel to Eckerd through 2004. Porter Aff. at ¶ 8.

8. In January of 2005, Brooks asked Siesta Sol to propose a line of Spring apparel. See Siesta Sol Interrogatory Answer No. 8. Unlike the direct sales to stores ("DSD") program, seasonal apparel program is larger in scale and purchased not by individual stores but by a Category Manager, in this case Mr. Poitras, to be distributed to all stores. See Brooks Interrogatory Answer No. 4.

9. Siesta Sol presented a Spring line of various merchandise. Siesta Sol required, and Brooks did, confirm the final agreement as to material terms of the subject items in writing. See Porter Aff. at ¶ ¶ 9-10.

10. Siesta Sol alleges that in a meeting on February 23, 2005, Brooks representative Timothy Porter entered into an oral agreement to purchase additional seasonal apparel (the Fall and holiday lines of apparel). See Complaint at ¶ 5. Brooks denies this allegation. Porter Aff. at ¶ ¶ 11-13.

11. On May 11, 2005 Siesta Sol (through its representatives at BP Sales) told Brooks that it wanted to discuss Brooks' apparel program, indicating that Brooks had previously indicated that its apparel program was still in development. Porter Aff. at ¶ ¶ 14-16.

12. On May 12, 2005, Brooks, through its employee, Mr. Porter, notified BP that Siesta Sol should continue with its current programs (the spring and lace top programs in production, plus a direct program whereby individual stores could call Siesta Sol directly to order products from an approved list). Mr. Porter also told them that the program in development (which was still being evaluated) was geared to all the stores (meaning both Eckerd and Brooks). Siesta Sol was complimenting that program and would continue to do so through its spring and lace programs and, until notified otherwise, its DSD program. Porter Aff. at ¶ 17.

13. On or about May 24, 2005, a decision was made by Brooks management to terminate its relationship with Siesta Sol. See Porter Aff. at ¶ 18; Brooks Response to Interrogatory Answer No. 7 (giving the reasons therefore).

14. On May 26, 2005, by telephone conference call, Brooks notified Siesta Sol of its decision. Id. at 18.

15. Siesta Sol never presented a fall or holiday season line to Brooks, there was never a discussion concerning fall seasonal program items, never a discussion regarding quantity of items, never a discussion regarding price of items, or any other terms of an agreement, and never any written agreement for the fall or holiday line of apparel.[1] Porter Aff. at ¶ 13.

BROOKS PHARMACY, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Michael A. Gamboli (CPM/7109)
Carolyn P. Medina

Michael A. Gamboli (#4684)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

[1] Siesta Sol apparently sent some Fall seasonal program options to Brooks in the beginning of June, but such communications would be irrelevant as having taken place after termination of the parties' relationship. Brooks believes there is no dispute as to the above facts and that based thereon, Brooks is entitled to summary judgment as a matter of law based upon the Statute of Frauds.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS was mailed, postage prepaid, on this 6th day of July, 2006 to the following:

Robert D. Fine, Esq.
Bret W. Jedele, Esq.
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

[signature]

852707_1/4425-13