**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

SIESTA SOL, LLC

-V- No. 05-401S

BROOKS PHARMACY, INC.

***PLAINTIFF'S OJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT***

Now comes Plaintiff, Siesta Sol, LLC, and, pursuant to Fed. R. Civ. Procedure 56(c) and Local Rule CV 56, hereby objects to the motion for summary judgment of Brooks Pharmacy, Inc. In support of this Objection, Plaintiff states that there are genuine issues of material fact in dispute and that Defendant is not entitled to judgment as a matter of law. In further support of its Objection, Plaintiff relies upon its Statement of Undisputed and/or Disputed Material Facts, its Memorandum of Law, and the Affidavit of Richard Kaplan, all of which are filed contemporaneously herewith and incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c).

WHEREFORE, Plaintiff prays that Defendant's Motion be denied.

SIESTA SOL, LLC

By its attorneys,

Robert D. Fine, Esq. (#2447)
Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411

Dated: July 20, 2006

## *CERTIFICATION*

I hereby certify that on the 20th day of July, 2006, I forwarded a copy of the within Plaintiff's Objection to Defendant's Motion for Summary Judgment by United States mail, postage prepaid, to Michael A. Gamboli, Esq., Partridge Snow & Hahn, 180 South Main Street, Providence, Rhode Island 02903.

[signature]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

SIESTA SOL, LLC

-V- No. 05-401-S

BROOKS PHARMACY, INC.

***PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT***

The motion of defendant Brooks Pharmacy, Inc. ("Brooks") for summary judgment in its favor and against the plaintiff, Siesta Sol, LLC ("Siesta Sol") should be denied on several independent grounds and on the cumulative effect of those grounds.

1. Sufficient writings were made by Brooks and sent to Siesta Sol confirming the contract.

2. Siesta Sol partially performed the contract, which also removes it from the application of the Statute of Frauds.

3. Promissory Estoppel is available in Rhode Island as an independent means of recovery, notwithstanding the asserted Statute of Frauds defense.

4. Equitable estoppel is also available in Rhode Island to rebut Brooks's assertion of the Statute of Frauds as a defense.

5. The presence of genuine issues of material fact, as set forth in Siesta Sol's Statement of Disputed or Undisputed Facts and supported by the Affidavit of Richard Kaplan ("Kaplan Aff."), President of Siesta Sol, also precludes the granting of summary judgment to Brooks.

## I. STANDARD ON SUMMARY JUDGMENT

Summary judgment is proper only if the record before the court clearly and firmly establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970). The court must "view all facts and draw all inferences in the light most favorable to the non-moving party." Reich v. John Alden Life Insurance Co., 126 F.3d 1, 6 (1st Cir. 1997); see also Ross Simons of Warwick, Inc. v. Baccarat, Inc., 182 F. R.D. 386, 393 (D.R.I. 1998) ("Summary judgment is only available when there is no dispute as to any material fact . . ." [and that] the moving party bears the burden of showing that no evidence supports the non-moving party's position."). In McGurn v. Bell Micro Products, Inc., 284 F.3d 86 (1st Cir. 2002), the First Circuit vacated a summary judgment for defendant and stated that trial court's function was to "examine the record in the light most favorable to the party against whom summary judgment had been entered, drawing all reasonable inferences in that party's favor." Id. at 91.

## II. FACTS IN DISPUTE

As set forth in Richard Kaplan's affidavit and the L.R. Civ. 56 Statement of Disputed or Undisputed Facts and contrary to the position set forth by Brooks, a contract between the parties was in fact confirmed in writing. Siesta Sol relied upon the statements and writings of Brooks to its detriment and partially performed the contract.

Those disputed facts first concern the February 23, 2005 meeting, and the agreement reached that day. Timothy Porter, on behalf of Brooks, met with Mr. Kaplan and Mr. Eltschlager of B & P Sales, a sales representative of Siesta Sol. Brooks was presented with a "Brooks Year at a Glance" program for 2005. Kaplan Aff., ¶ 11, Exh. 2. That document presented prices, quantities,

shipping dates and other information needed to consummate an agreement for spring, summer, fall and holiday season apparel programs. This is exactly how the apparel program worked with the 1,406 Eckerd stores that had done business with Siesta Sol since 2001, prior to their acquisition by Brooks. Kaplan Aff., ¶ 5 and Exh. 2. The import of this is apparent when Mr. Porter told Mr. Eltschlager of B & P and Mr. Kaplan that things with Siesta Sol would "stay the same," and when he wrote that they would "stay the same." Kaplan Aff., ¶ 13, Exh. 3. That meeting, which lasted over three hours, Kaplan Aff., ¶ 11, resulted in a continuation of the business relationship between Siesta Sol and Brooks for the former Eckerd stores for the remainder of calendar year 2005.

In compliance with and performance of the agreement reached February 23, 2005, Brooks purchased apparel from Siesta Sol for the summer program in the quantities, prices, and number of stores as agreed in the February 23, 2005 meeting, Kaplan Aff., ¶ 14, confirming a February 1, 2005 e-mail from B & P Sales to Mr. Porter, Kaplan Aff., Exh. 1., and as had been done in previous years. Kaplan Aff., ¶ 5.

Further confirmation of the contract between the parties was given by Mr. Porter in an e-mail sent to B & P Sales on May 12, 2005, where Mr. Porter wrote that "Siesta Sol is the supplier for the programs you are currently sending stores. The program in development is one geared to all stores which the Siesta Sol will be a compliment to, just as you are now." Kaplan Aff., Exh. 5. This reassurance, which confirmed to Mr. Kaplan that Siesta Sol would continue to be the supplier to the 1,406 Eckerd stores purchased by Brooks, was in response to B & P Sales' earlier e-mail to Mr. Porter that stated that, "When Rich and I met with you on February 23, we had the understanding that we would be the supplier for all of these programs this year. Is this correct?" Id. B & P Sales added that commitments on inventory were being made by Siesta Sol. Id. Brooks, through Mr. Porter, confirmed Brooks' commitment to Siesta Sol. Kaplan Aff., ¶ 16. Because

Siesta Sol had already shipped the summer apparel program merchandise to Brooks in March and April 2005, Kaplan Aff. ¶ 17, the only possible meaning to Mr. Porter's writing was that Siesta Sol would be a "compliment [sic]" to the upcoming programs for the year. Kaplan Aff., ¶ 17. This confirmed the e-mail of B & P Sales that Siesta Sol "would be the supplier for all of these programs this year." Kaplan Aff., Exh. 5.

With further acts of part performance beyond deliveries, Siesta Sol, in reliance on the agreement reached on February 23, 2005, and confirmed by Mr. Porter's writings and the actual continued business in March and April, made expenditures of $62,000 in equipment and inventory to support the agreement with Brooks. Kaplan Aff., ¶ 18 and Exh. 6.

On May 26, 2005, Brooks cancelled the agreement with Siesta Sol, in breach of the agreement. Kaplan Aff., ¶ 20.

## III. THE STATUTE OF FRAUDS DOES NOT ELIMINATE GENUINE ISSUES OF MATERIAL FACTS

### A. Brooks gave written confirmation.

Brooks takes the position that the Statute of Frauds, R.I. GEN. LAWS § 6A-2-201, entitles Brooks to summary judgment, because there is no applicable writing. Brooks is in error for several reasons.

Brooks, through its agent, provided no less than two writings sufficient to indicate a contract had been made and confirming the contract.

Brooks provided written confirmation of the existence of a contract, which removes the case from Statute of Frauds jurisprudence. On February 23, 2005, Siesta Sol provided Brooks a plan for apparel for calendar year 2005 with sufficient contract terms. Kaplan Aff., ¶ 11. Brooks wrote that following Brooks' purchase of the 1,406 Eckert Pharmacy Stores that had been supplied

by Siesta Sol, the relationship between Siesta Sol and the new owner, Brooks, would "stay the same" as in the past. Kaplan Aff., Exh. 3. Siesta Sol, through its sales representatives, advised Brooks of Siesta Sol's program for the calendar year 2005 even prior to the detailed meeting of February 23, 2005, but that meeting even further solidified the business relationship for 2005. Kaplan Aff., ¶ 12. On May 12, 2005, Brooks confirmed the contract with Siesta Sol when it wrote that "Siesta Sol is the supplier for the programs you are currently sending stores. The program in development is one geared to all stores which the Siesta Sol will be a complement to, just as you are now. I hope there is no confusion on this." Kaplan Aff., Exh. 5. Brooks confirmed that Siesta Sol was to be the supplier of the programs not currently being shipped but to be shipped, confirming what had been stated at the extended February 23, 2005 meeting. Such confirmation and conduct removes the case from the Statute of Frauds under R.I. GEN. LAWS § 6A-2-201(1) and 6A-2-201(2). Klockner, Inc. v. Federal Wire Mill Corp., 663 F.2d 1370 (7th Cir. 1981), held that when a written confirmation of an oral contract is received, the Statute of Frauds cannot operate as a defense. See also Stanley Bostich, Inc. v. Regenerative Environmental Equipment Co., Inc., 697 A.2d 323 (R.I. 1997) (if, between merchants, a party fails to respond to written confirmation of an oral contract within ten days, the Statute of Frauds is barred as a defense.) In the instant action, Brooks, through Mr. Porter, confirmed the contract. To the extent there is any ambiguity in the statements made by Brooks, apart from presenting a genuine issue of material fact, such ambiguity must be construed against Brooks, in accordance with § 527 of RESTATEMENT (SECOND) Torts, which states than an ambiguous representation with indifference as to how it will be understood could be actionable. Rather than state that Siesta Sol could have no expectation of any further business with Brooks for the rest of 2005, the position Brooks now takes, Brooks, in response to Siesta Sol's inquiry seeking confirmation of the prior understanding that Siesta Sol was the supplier for the entire calendar year

2005, in fact told Siesta Sol on May 12, 2005 that Siesta Sol would remain involved with Brooks on their apparel programs.

Demirs v. Flexicraft, Inc., 781 F.Supp. 860 (D.R.I. 1991) is instructive, particularly at the summary judgment stage. In that case, plaintiff alleged that there was an oral agreement whereby he was to receive 10% of defendant's stock. He stated that he relied to his detriment on the promises made. The stock transfer was never effectuated and the company went out of business. The court noted that, "It is clear that in the case at bar, there was never any explicit writing between the parties indicating that plaintiff was to receive 10% of defendant's stock." Id. at 861. The defendant argued that the oral stock transfer contract was inadmissible under the Statute of Frauds and moved for summary judgment. This Court rejected that argument, and denied the motion for summary judgment, in part because of the ambiguity in writings from defendant to plaintiff.

The Court noted that, "there was never any explicit writing between the parties . . ." id. at 861, as to a contract for the sale of ten (10%) percent of a company, since a provision in an employment agreement "was not intended as a complete integration of their negotiations, since it left one of the important elements of the deal – the stock transfer – largely undefined." Id. at 862. Despite that, it opened the door to parol evidence and precluded summary judgment. The Statute of Frauds defense failed at summary judgment because of plaintiff's assertion of equitable estoppel and also because of the existence of factual disputes as to the presence of the elements of equitable estoppel precluded summary judgment.

In Klockner Inc. v. Federal Wire Mill Corp., 663 F.2d 1370 (7th Cir. 1981), the court held that the Statute of Frauds was satisfied when written confirmation of an oral contract was received. The Seventh Circuit rejected the Statute of Frauds defense because the defendant had

acknowledged that the parties had "already made a deal." In the instant action, Brooks confirmed that Siesta Sol was a supplier for the Brooks apparel programs for the year and that Siesta Sol would continue to be a supplier, just as it was at the time the confirmation was sent in May 12, 2005.

The presence of written confirmation of the existence of a contract acts to bar the Statute of Frauds as a defense. While it certainly also is part of the elements of promissory estoppel, which also is a bar to summary judgment, the written confirmation takes this case out of the Statute of Frauds and precludes the award of summary judgment to defendant. R.I. GEN. LAWS § 6A-2-201(1) and (2)

B. Partial performance by plaintiff removes the case from the Statute of Frauds.

Separate and apart from the presence of written confirmation of a contract, and in addition to it, the partial performance of the contract precludes summary judgment for defendant on its claimed Statute of Frauds defense. Just as Eckerd had done for the four prior years, Brooks agreed that Siesta Sol would be the 2005 supplier of seasonal apparel programs for 1,406 stores Brooks obtained from Eckerd. Kaplan Aff., ¶ 12. Siesta Sol, after the February 23, 2005 agreement, shipped the apparel for the summer program in part performance of the 2005 agreement and expended substantial sums to fulfill its total obligations for the rest of the programs in 2005. Kaplan Aff., ¶ 14, 18 and Exhibit 6.

In Pearl Brewing Company v. McNaboe, 495 A.2d (R.I. 1985), the defendant was hired by the plaintiff, which required him to relocate to Rhode Island. He was told to identify a house and was also told that plaintiff would finance the purchase, as part of the relocation. The defendant identified a house, which was purchased by the plaintiff in anticipation of a further deed to defendant. Defendant was subsequently fired by plaintiff prior to the second closing. The Rhode

Island Supreme Court affirmed a decision for defendant on appeal and held that the oral agreement was taken out of the Statute of Frauds by the partial performance by the defendant.

In Baumgartner v. Seidel, 75 R.I. 243 (1949), the Superior Court granted enforcement of an oral contract for the sale of real estate based upon the partial performance by the promisee, which removed the case from the application of Statute of Frauds, and the Supreme Court affirmed.

As applied to the instant matter, those two cases preclude summary judgment based on the Statute of Frauds defense.

C. Promissory Estoppel rebuts the application of the Statute of Frauds.

The doctrine of promissory estoppel also removes the case from the Statute of Frauds and, particularly at the summary judgment stage, prevents judgment for the defendant.

Under the doctrine of promissory estoppel, when a promisee relies to its detriment on an act and/or promise made by the promisor, the gratuitous promise is a substitute for consideration and the promise is enforceable. Under the doctrine of promissory estoppel, the promise must induce the promisee's action and/or forbearance. Soar v. National Football League Players Association, 550 F.2d 1287 (1st Cir. 1977); Hayes v. Plantations Steel Co., 438 A.2d 1091 (R.I. 1987).

In Demirs v. Flexicraft, Inc., 781 F.Supp. 860 (D.R.I. 1991), involving the stock transfer that never took place, the plaintiff successfully raised estoppel as a response to defendant's summary judgment motion. The court observed that the indispensable elements of estoppel include an affirmative representation or equivalent conduct by the defendant for the purpose of inducing the plaintiff to act in reliance thereon and evidence that the representation or conduct did in fact induce the other party to act. This Court noted that the applicability of equitable estoppel is dependent upon the facts of each case and that factual disputes that were presented in Demirs could

"only be resolved at trial." Demirs, 781 F.Supp. at 864. "This Court cannot grant summary judgment to defendants on the grounds of Statute of Frauds, since it remains to be seen whether or not plaintiff will successfully invoke the doctrine of equitable estoppel to bar Plexicraft's Statute of Frauds defense." Id. at 864.

In Esquire Radio & Elect. Inc. v. Montgomery Ward & Co., Inc., 804 F.2d 787 (2nd Circuit 1986), the Second Circuit held that promissory estoppel was available to plaintiff to defeat defendant's argument that the claimed oral agreement was barred by the Statute of Frauds. In that case, the defendant allegedly promised to purchase products and spare parts from the plaintiff and repudiated that obligation when it no longer suited defendant's purposes. The plaintiff sued based on the oral contract or on the theory of promissory estoppel. The Second Circuit held that the trial court properly submitted the case to the jury on the promissory estoppel theory. The Second Circuit affirmed in part because, "Having reneged on its promise to repurchase Esquire's spare parts inventories, upon which Esquire reasonably relied, Ward is equitably estopped from raising the Statute of Frauds." Id. at 794. The promissory estoppel theory is equally applicable in the instant action and, on a motion for summary judgment, the disputed facts presented by plaintiff as to the application of the promissory estoppel elements precludes the granting of defendant's motion.

Brooks would have this court reject the possibility of a promissory estoppel claim based on Tyler Finance, L.P. v. The Worcester Company, 2001 WL 100403 (R.I. Super., Jan. 25, 2001). In that case, however, Judge Williams was presented with a Statute of Frauds defense to claims for breach of agreement and promissory estoppel. The Superior Court analyzed the exceptions to the Statute of Frauds on the facts of that case and found that no exception applied. The Superior Court then turned to the promissory estoppel count. Rather than reject that theory on the basis that it was not available where the Statute of Frauds bars enforcement of an oral contract,

the Superior Court analyzed the promissory estoppel theory and rejected the claim based on the absence of facts needed to establish the elements of promissory estoppel. "This court finds that there is insufficient evidence in the record to support a finding that a contract existed under the doctrine of promissory estoppel. Id. at *4. Although certain states may, by statute or case law, preclude promissory estoppel where the Statute of Frauds bars enforcement of an oral contract, Rhode Island is not one of those states. Tyler Finance joined the Second Circuit in Esquire Radio and this Court in Demirs, in permitting estoppel claims to go forward, and prevail over a Statute of Frauds defense.

With Siesta Sol having been told by Brooks, "Maybe we misled you," Kaplan Aff., ¶ 21, and based on what Brooks had promised and Siesta Sol did in response, Kaplan Aff., ¶ 12, 18, summary judgment on the promissory estoppel count is improper.

D. Equitable Estoppel Prevents Defendant from Asserting the Statute of Frauds.

Equitable estoppel, separate and in addition to the doctrine of promissory estoppel, prevents summary judgment from entering in Defendant's favor on their asserted Statute of Frauds theory. In Rhode Island, as set forth by this Court in Demirs, the elements of equitable estoppel are (1) an affirmative representation made for the purpose of inducing action in reliance thereon and (2) actual action by the other party because of the affirmative representation. Demirs, 781 F.Supp. 860, at 864. If there has been detrimental reliance on a promise made by the Defendant with the intent to induce that conduct, "this Court cannot grant summary judgment to Defendant on the grounds of Statute of Frauds." Id. at 864. In the instant action, Plaintiff has asserted that Defendant promised that Siesta Sol would have business from Brooks through the end of 2005, with a possibility of business in 2006 based on 2005 performance by Siesta Sol. Kaplan Aff., ¶ 12. Siesta Sol took action in reliance on Defendant's promise, to Siesta Sol's detriment. Kaplan Aff., ¶ 18. In

addition, Siesta Sol refrained from seeking other business to ensure that it could properly service Brooks. Kaplan Aff., ¶ 19. Brooks intended that Siesta Sol conduct itself so that Siesta Sol would be available as a supplier to Brooks through 2005. Kaplan Aff., ¶ 12. As Demirs noted, "the applicability of equitable estoppel is dependent upon the facts of each case." Demirs, 781 F. Supp. at 864. Given the factual disputes to Brooks' position, set forth in Mr. Kaplan's affidavit, Brook's Statute of Frauds-based summary judgment motion must be denied, just as it was denied by this Court in Demirs.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment should be denied.

SIESTA SOL, LLC
By its attorneys,

[signature]

Robert D. Fine, Esq. (#2447)
Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411

## CERTIFICATION

I hereby certify that on the 20th day of July, 2006, I forwarded a copy of the within Plaintiff's Memorandum in Support of the Objection to Defendant's Motion for Summary Judgment by United States mail, postage prepaid, to Michael A. Gamboli, Esq., Partridge Snow & Hahn, 180 South Main Street, Providence, Rhode Island 02903.

[signature]