# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SIESTA SOL, LLC,<br>Plaintiff<br><br>v.<br><br>BROOKS PHARMACY, INC.,<br>Defendant | C.A. No. 05-401 S |

## <u>REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Now comes Defendant, Brooks Pharmacy Inc. (hereinafter "Brooks"), and replies to the Opposition to Motion for Summary Judgment filed by Plaintiff, Siesta Sol, LLC (hereinafter "Plaintiff" or "Siesta Sol").

First, Siesta Sol fails to counter the statute of frauds argument raised by Brooks. Siesta Sol's primary argument, that there was a confirmation of the alleged oral agreement, is misplaced, and the law relied upon misstated. Second, Siesta Sol fails to rebut the line of cases cited by Brooks to support it argument that the promissory estoppel claim can not survive in light of the statute of frauds defense. Finally, Siesta Sol has failed to demonstrate the existence of any dispute as to a *genuine, material* fact. Accordingly, Brooks is entitled to judgment as a matter of law.

### 1. <u>The Written Confirmation Exception to the Statute Of Frauds Does Not Apply.</u>

Rhode Island General Laws § 6A-2-201(2) contains an exception to the statute of frauds, stating:

> Between merchants, if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of

> subsection (1) against such party unless written notice of objection to its contents is given within ten (10) days after it is received.

Siesta Sol argues that it should have the right to enforce the alleged February 23rd oral contract based on alleged "confirmatory" writing from Brooks that was sent on May 12. This is an incorrect application of §6A-2-201(2), which requires a confirmation *from the party seeking enforcement*. The only writings relevant to an application of § 6A-2-201(2) are writings from Siesta Sol, which would confirm the alleged February 23rd oral agreement, and which would be sufficient to bind Siesta Sol. The writings from Brooks are irrelevant.

With respect to Siesta Sol confirmations, there were none. Siesta Sol did not, for example, send a letter a few days after February 23rd confirming the agreement, with sufficient specificity to bind Siesta Sol, and providing Brooks ten (10) days to object thereto. This simply never happened. There was no written confirmation from Siesta Sol.

The cases cited by the Plaintiff do not even support its argument. Demirs v. Flexicraft, Inc., 781 F. Supp 860, (D.R.I. 1991), did not involve the U.C.C. or the sale of goods, did not apply the same law applicable to this case, and was not decided on grounds relating to a written confirmation. In short, the case is irrelevant. Stanley Bostich, Inc. v. Regenerative Environmental Equipment, Co., Inc, 697 A.2d 323 (R.I. 1997) also cited by Siesta Sol contains no relevant analysis and mentions § 6A-2-201(2) only in passing in a footnote. The case of Klockner, Inc. v. Federal Wire Mill, Corp., 663 F.2d 1370 (7th Cir. 1981), also cited by Siesta Sol, does apply this U.C.C. section properly, but its analysis is unhelpful to Siesta Sol. In Klockner, the plaintiff, an importer and exporter of steel products, informed defendant that it had located certain wire rods that defendant used in its business. Defendant verbally ordered a sample to be sent. Plaintiff sent the sample. When the sample proved acceptable, the defendant again verbally ordered that the full shipment be delivered. Plaintiff confirmed this order by a

written acknowledgement. The court, citing the Illinois version of the U.C.C. § 2-201(2), found the written acknowledgement sufficient to bar a statute of frauds defense because it "clearly evidence[d] that the parties have already 'made a deal,' and would in itself suffice to bind [plaintiff] if enforcement were sought against it." 663 F.2d. at 1376.

Siesta Sol has not identified any documents constituting confirmations from Siesta Sol of the oral contract it alleges existed. The only writing that might even remotely support Siesta Sol's position is the May 11, 2005 email from Mr. Kaplan asking about Siesta Sol's status with Brooks. Affidavit of Rich Kaplan, Exhibit 5. This email does not evidence that the parties had reached an agreement; rather it expresses only Siesta Sol's confusion regarding its status with Brooks. It is not confirmation of a specific order, as was the case in Klockner. It identifies no merchandise and, significantly, specifies no quantities. In short, as a matter of law, it is not a writing sufficient to bind Siesta Sol to anything, much less a contract for goods valued over $500,000 as Plaintiff now seeks in this lawsuit. It is evidence only that Siesta Sol did not know where it stood. Siesta Sol's argument that "confirmatory" writings preclude Brooks from asserting a statute of frauds defense is therefore without merit.

We note, however, that even if the Brooks writings were the relevant "confirmations" under § 6A-2-201(2), recovery under this section is limited to the quantity of goods contained in the "confirmation." Gestetner Corp., v. Case Equipment Co., 815 F.2d 806, 810 (1st Cir. 1987). Again, the alleged confirmations here contain no quantity term, and would therefore be insufficient to allow recovery under § 6A-2-201(2).

**2. The Doctrine Of Partial Performance Applies Only To Those Goods Already Paid For Or Delivered.**

The fact that Siesta Sol sold and Brooks paid for spring merchandise and spaghetti strap tops does not preclude the assertion of a statute of frauds defense. Plaintiff

characterizes these actions as "partial performance" of the alleged oral contract and claims that a statute of frauds defense is therefore unavailable. Plaintiff, fails, however, to cite the law applicable in a case involving the sale of goods. The cases cited by Siesta Sol, Pearl Brewing Company v. McNaboe, and Baumgartner v. Seidel, both involved the sale of real estate. The law applicable to partial performance in the context of contracts for the sale of goods is clearly set forth in R.I. Gen. Laws § 6A-2-201(3)(c), which provides:

> (3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable, …(3) With respect to goods for which payment has been made and accepted or which have been received and accepted….

To further explain the plain language of the statute, R.I. Gen. Laws Official Comment 2 states:

> "Partial performance" as a substitute for the required memorandum can validate the contract only for the goods which have been accepted or for which payment has been made and accepted.

In light of this statute and the applicable interpretative language, Siesta Sol's argument that partial performance applies in this case fails as a matter of law. It is undisputed that Siesta Sol did not deliver any merchandise for which it has not been paid. Nor is it disputed that Brooks has made no subsequent payments to Siesta Sol for any merchandise it has not received. With neither goods delivered and accepted, nor payment made and accepted, the doctrine of part performance is simply inapplicable.

**3. Promissory Estoppel May Not Be Used As A Means By Which To Avoid The Requirements Of The Statute Of Frauds In A Case Involving The Sale Of Goods, and any Such Application Would Render R.I. Gen. Laws § 6A-2-201 Meaningless.**

As discussed at length in Defendant's "Memorandum In Support Of Defendant's Motion For Summary Judgment", there are strong and persuasive reasons why promissory estoppel should not be used to avoid the requirements of the statute of frauds codified in the U.C..C § 2-201 (R.I. Gen. Laws § 6A-2-201). See e.g. Cox v. Cox, 289 So.2d 609, 613 (Ala.

1974)(to permit a promissory estoppel exception to the statute of frauds "would be to utterly destroy the statute."); Lige Dickson Company v. Union Oil Company of California, 635 P.2d 103, 107 (Wash. 1981) ("If we were to adopt [promissory estoppel] as applicable in the context of the sale of goods, we would allow parties to circumvent the U.C.C."); compare Demirs v. Flexicraft, 781 Supp. 860 (D.R.I. 1991), cited by Plaintiff, which did not involve the sale of goods and did not interpret the statute of frauds as codified in R.I. Gen. Laws § 6A-2-201.

Contrary to Plaintiff's contention, the case of Tyler Finance, L.P. v. The Worcester Company, 2001 R.I. SUPER LEXIS 6 is instructive, not because it goes through the exercise of finding that the elements of promissory estoppel were not met in that case, but rather, because the promise that was insufficient there was significantly more definite than the alleged promise in this case, and it was still found wanting. In Tyler, there was an oral statement by the allegedly breaching party to the plaintiff that "you have a deal." Id. at *11. Despite this statement, and negotiations that "led [plaintiff] to believe that an agreement was or would be reached" (Id.) and actual reliance by the plaintiff, the court still refused to allow promissory estoppel to defeat the statute of frauds' requirement of a writing. The court went so far as to state that "any deal or agreement was still subject to documentation that was never executed and signed." Id. The court recognized the importance of a writing and refused to apply promissory estoppel to defeat the requirement of a writing where no other exception applied.

Similarly, the court should in this case refuse to allow a bald estoppel claim to eviscerate one of the foundations of contract law, the statute of frauds.

**4. Plaintiff Cannot Satisfy The Requirements of Promissory Estoppel.**

Promissory Estoppel requires: (1) a clear and unambiguous promise: (2) reasonable and justifiable reliance upon the promise; and (3) detriment to the promisee, caused by his or her reliance on the promise. Filippi v. Filippi, 818 A.2d 608, 626 (R.I. 2003); see also

discussion in Section F of Memorandum In Support of Defendant's Motion For Summary Judgment. Plaintiff has not disputed that it cannot demonstrate a clear and unambiguous promise in this case. Rather, Plaintiff has attempted to throw itself on the mercy of the court by attempting to invoke equitable estoppel, an equitable theory never before applied in a sales of goods case (see discussion, Part 5, *infra*).

**5. Equitable Estoppel Is Not Presently A Claim In This Litigation, And Even If It Were To Be Added, It Is Not Applicable.**

Plaintiff asserts in its memorandum that it is entitled to recover on a theory of equitable estoppel, as a theory separate and in addition to promissory estoppel. As an initial matter, Brooks notes that this claim is not part of the complaint and truly is not properly before the court.

However, as a matter of law equitable estoppel is not applicable to this case. Equitable estoppel is applied "only to representations made as to facts, past or present," East Providence Credit Union v. Geremia, 239 A.2d 725, 727 (R.I. 1968), while the doctrine of promissory estoppel applies "to those circumstances wherein one promises to do or not to do something in the future." Id. Plaintiff in this case is clearly alleging a breach of a promise by Brooks, the promise being Tim Porter's promise to do business with Siesta Sol for all of 2005, which is not a misrepresentation as to a fact, but rather a promise to be performed in the future. Equitable estoppel is therefore not applicable in this case.

**6. Plaintiff has failed to demonstrate any genuine issue of material fact or that Defendant is not entitled to judgment as a matter of law.**

If ever there were a case in which the statute of frauds ought to apply, this is it. Plaintiff's complaint admits that it is seeking enforcement of an "oral contract for the purchase of seasonal apparel…" Complaint at ¶ 5. This is the very thing the statute of frauds is meant to prevent. There is no applicable exception in this case, and Plaintiff's attempts to recharacterize

the communications between the parties in this case as "confirmations" fail. Plaintiff may argue that there are factual disputes as to the meaning of those communications. There is, however, no dispute that the two communications principally relied upon by Plaintiff are from Brooks. As such, they are not confirmations under 6A-2-201(2). Furthermore, the May 12 email from Rich Kaplan demonstrates only confusion, not agreement, and certainly not any agreement definite enough so as to bind Siesta Sol, unlike the acknowledgement in Klockner, as cited by Plaintiff. There is, therefore, no *material* fact in dispute, and Defendant is entitled to judgment as a matter of law.

## V. CONCLUSION

Based upon the foregoing, it is respectfully requested that summary judgment enter in favor of Brooks and against Plaintiff on all Counts of Plaintiff's complaint.

Respectfully submitted,

BROOKS PHARMACY, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Carolyn P. Medina

Michael A. Gamboli (#4684)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903-7120
(401) 861-8200
(401) 861-8210 FAX
mag@psh.com
cpm@psh.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of August, 2006, I electronically filed Brooks Pharmacy, Inc.'s Reply Memorandum in Support of Defendant's Motion for Summary Judgment with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participant has received notice electronically: **Robert D. Fine, Esq.**

/s/ Bernice A. Sousa

869992_1