**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SIESTA SOL, LLC,<br>Plaintiff<br><br>v.<br><br>BROOKS PHARMACY, INC.,<br>Defendant | C.A. No. 05-401 S |

**REPLY TO PLAINTIFF'S OBJECTION**
**TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Plaintiff claims that the parties "met [in February, 2005] and entered into an oral contract for the purchase of seasonal apparel for the rest of 2005 for 1,406 stores that Brooks acquired from Eckerd." Complaint at ¶ 5. Magistrate Judge Martin correctly concluded that the alleged oral agreement fails to satisfy the Statute of Frauds (sometimes referred to herein as the "SOF"). Plaintiff's case now rests in large part on its attempts to recast several emails sent by both parties three months after the February meeting as "confirmations" either in satisfaction of R.I. Gen. Laws § 6A-2-201(1) or R.I. Gen. Laws § 6A-2-201(2). Plaintiff confuses and misapplies the applicable law. As correctly analyzed by the Magistrate Judge, no writing in this case can satisfy the requirements of either section as a matter of law. In addition, Plaintiff's argument that a May 11, 2005 email from an agent of Plaintiff is a sufficient "writing in confirmation" to satisfy R.I. Gen. Laws § 6A-2-201(2) should not even be considered as Plaintiff did not raise the idea below. Finally, the Magistrate Judge properly concluded that promissory estoppel may not be applied to circumvent the requirements of the Statute of Frauds in a sale of goods case, that even if applicable, the first element of promissory estoppel, the existence of a

"clear and unambiguous promise," is not present here, and that the doctrine of equitable estoppel is completely inapplicable to Plaintiff's claim.

Based upon the foregoing, as set forth in more detail herein, and in Defendant's Memorandum in Support of Motion for Summary Judgment ("Brooks' Memorandum"), Defendant's Reply Memorandum In Support of Motion for Summary Judgment ("Brooks' Reply"), and in the Magistrate Judge's Report and Recommendation ("Report"), each of which is expressly incorporated herein, this Court should enter summary judgment in Defendant's favor and against Plaintiff on all Counts of Plaintiff's Complaint.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72, the District Court shall make a *de novo* determination upon the record of any portion of the Magistrate Judge's disposition to which objection is made. See also, Local Rule 32, U.S. District Court, District of Rhode Island; 28 U.S.C. § 636. The Court may accept, reject or modify the Magistrate Judge's recommended decision. The District Court may accept any portion of a Magistrate Judge's decision and disposition to which no objection is made, provided there is no clear error on the face of the record. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91 (S.D.N.Y. 1992).

In reviewing a Magistrate Judge's decision "*de novo*", the Court may reexamine all relevant evidence previously reviewed by the Magistrate Judge. Williams v. Secretary of Health & Human Services, 541 F. Supp. 201 (S.D. Ohio 1982); U.S. v. White, 295 F. Supp.2d 709 (E.D. Mich. 2003). In conducting a *de novo* review, a Court need not consider any argument not seasonably raised before a Magistrate Judge. Paterson-Leitch Co., Inc. v. Mass Municipal Wholesale Elect. Co., 840 F.2d 985 (1st Cir. 1988).

## III. UNDISPUTED FACTS

From 2001 to 2004, Siesta Sol, LLC ("Siesta Sol") supplied apparel to Eckerd Corporation ("Eckerd") through a series of oral agreements. Eckerd never had a written contract with Siesta Sol. The Jean Coutu Group (PJC) USA ("Jean Coutu"), through subsidiaries, operates the Brooks Pharmacy chain. On July 31, 2004, Jean Coutu acquired Eckerd. The Brooks employees in charge of purchasing apparel for Brooks were put in charge of purchasing apparel for Eckerd. Brooks allowed Siesta Sol to continue to supply apparel to Eckerd stores through 2004. Brooks never entered into a written agreement with Siesta Sol. In late January, 2005, Brooks was provided a catalog of spring/summer products from Siesta Sol and ordered certain products for Eckerd locations. There was a meeting on February 23, 2005 between Brooks and Siesta Sol to discuss other programs, at which Siesta Sol alleges that Brooks, through its employee, Timothy Porter, agreed to purchase unspecified merchandise from Siesta Sol for the rest of 2005. Brooks disputes the existence of any such oral agreement. Brooks' Memorandum at 1.

## IV. ARGUMENT

### A. The Magistrate Judge properly considered all facts and drew all reasonable inferences in favor of Siesta Sol.

In arguing that Magistrate Judge Martin drew improper factual inferences in favor of Brooks, Siesta Sol has confused legal conclusions for facts and factual inferences. As noted by the Magistrate Judge, "[a] number of the statements in the PSDF are really nothing more than Siesta Sol's legal contentions based on its interpretations of the facts." Report at 32-33. Siesta Sol's argument deals primarily with the Magistrate Judge's analysis of the May 11 email from the Eltschlagers on behalf of Siesta Sol and of the May 12 email in response from Timothy Porter on Brooks' behalf. In both instances, the legal significance of the emails is not a factual

inference, but rather, is a legal conclusion of the type judges are required to make in deciding all motions for summary judgment. The contents of the emails are not disputed. The words of the emails have a plain meaning that simply falls far short of what would be required to satisfy the Statute of Frauds. Here, even read in a light most favorable to Siesta Sol, the words of the emails simply do not say what Siesta Sol wishes they did. As discussed in Part B, *infra*, the Magistrate Judge properly and correctly came to the legal conclusion that the emails are insufficient "by wide margins" (see Report at 9) to satisfy the requirements of the Statute of Frauds, and do not satisfy the exception made for transactions between merchants.

**B. The Magistrate Judge properly concluded that neither Timothy Porter's May 12 email to Siesta Sol nor the Eltschlager's May 11 email to Timothy Porter satisfied the requirements of the UCC Statute of Frauds.**

From the outset of this case, Siesta Sol has misstated and misapplied the law with respect to the UCC Statute of Frauds and written confirmations of a prior oral contract for the sale of goods. Seista Sol argues that both Siesta Sol and Brooks confirmed the oral agreement allegedly made at the February 23, 2005 meeting in emails sent three months after the meeting, and that each email independently satisfies an exception to the Statute of Frauds. Siesta Sol's arguments fail as a matter of law and the Magistrate Judge was correct in so finding.

The UCC Statute of Frauds (adopted in Rhode Island as R.I. Gen. Laws § 6A-2-201) contains two subsections which address confirmations. The first, § 6A-2-201(1), addresses writings that either are contracts themselves or which memorialize oral contracts made at an earlier time. To be enforceable, a writing under this section must be signed by the party against whom enforcement is sought, (usually the buyer) and it must contain a quantity term. Doral Hosiery Corp. v. Sav-A-Stop, Inc., 377 F.Supp 387, 389 (E.D. Pa. 1974)("[t]he requirement that the writing state a quantity is mandatory, and a writing which fails to do so does not satisfy the Statute of Frauds.") The second, § 6A-2-201(2) addresses writings sent within a reasonable time

in confirmation of an oral contract (usually by the seller) to which the receiving party makes no objection. To be enforceable under this section, a writing must be "sufficient against the sender." In other words, it must contain enough information to "evidenc[e] that the parties have made a deal, and … itself suffice to bind [the sender] if enforcement were sought against it." Klockner, Inc. v. Federal Wire Mill Corp., 663 F.2d 1370, 1376 (7th cir. 1981).

Siesta Sol argues that the May 12, 2005 email from Timothy Porter on Brooks' behalf to the Eltschlagers (as agents of Siesta Sol) satisfies § 6A-2-201(1). This argument fails because there is no quantity term in the email. See Report at 8-9; Brooks' Memorandum at 5-6 and Brooks' Reply at 3. Siesta Sol's quotation of Doral Hosiery in Siesta Sol's Objection Memorandum misleadingly suggests that a quantity term can be implied from a course of dealing between parties. In fact, the Doral Hosiery court, deciding a motion for summary judgment, refused to do so, stating "[s]uch a speculative approach underscores the absence of a quantity term." Id. at 390;[1] see also Webster-Tapper Co. v. Eastern Hay Co., 98 A. 50 (R.I. 1950)(prior conduct can not supply terms of a contract). The Magistrate Judge correctly concluded that "the writings are insufficient by wide margins to remove the case from the Statute of Frauds under Section 6A-2-201(1)." Report at 9.

Seista Sol also argues, for the first time in its Objection Memorandum, that a May 11, 2005 email from the Eltschlagers to Timothy Porter is the alleged writing in confirmation of the purported oral contract with Brooks which satisfies § 6A-2-201(2). As an initial matter, this Court should reject this argument out of hand as it was not raised below. See Paterson-Leitch Co., Inc. v. Mass Municipal Wholesale Elect. Co., 840 F.2d 985 (1st Cir. 1988)(a court need not

---

[1] Siesta Sol's citation of Klockner, Inc. v. Federal Wire Mill Corp., 663 F.2d 1370 (7th cir. 1981) is problematic on a number of levels. First, Klockner did not involve a confirmation without a quantity term, as is the case here and in Doral Hosiery. Second, and more importantly, Klockner analyzes UCC section 2-201(2), and this portion of Siesta Sol's argument addresses section 2-201(1). The identity of the sender of the confirmation dictates whether section 2-201(1) or 2-201(2) applies. Klockner is properly discussed by both Magistrate Martin and by Brooks with respect to the applicability of R.I. Gen. Laws § 6A-2-201(2).

consider any argument not seasonably raised before a Magistrate Judge). Despite this fact, however, the Magistrate Judge, considering every possible avenue open to the Plaintiff, nevertheless fully considered whether this email would be sufficient to satisfy the requirements of § 6A-2-201(2), but found it wanting for the reasons discussed below. See Report at 12.

First, by the plain meaning of the words of the email itself, it is clear that the Eltschlagers, on behalf of Siesta Sol, were not attempting to confirm a specific transaction, but rather were seeking clarification as to Siesta Sol's status with Brooks and Brooks' future intentions. A copy of this email is Exhibit 5 to the Affidavit of Timothy Porter offered in support of Brooks' Motion for Summary Judgment ("Porter Aff."). Characterization of this email as a confirmation under § 6A-2-201(2) is a complete distortion of its contents. This email would not be sufficient to bind Siesta Sol to any particular transaction because it contains no identified merchandise, no price, no quantities, and in fact, no terms whatsoever. It would not be "sufficient to bind the sender" and is therefore not a "confirmation" for the purposes of § 6A-2-202(2). Id.

Furthermore, the May 11, 2005 email was not sent within a reasonable time after the February 23 meeting to constitute a confirmation of any agreement allegedly reached that day, under § 6A-2-201(2). Numerous emails were sent by both parties in the weeks and months between February 23, 2005 and May 11, 2005, none of which confirm the year-long deal Siesta Sol now claims. Rather, emails sent immediately following the February 23 meeting demonstrate the type of communication contemplated by the UCC as confirmations of a real transaction. These emails contain detailed information that makes clear that a deal had been made for a certain "spaghetti strap top." See Exhibit 4 to the Porter Aff., (March 4, 2005 emails between the Eltschlagers and Mr. Porter). These emails confirmed Brooks' order for 3546 dozen

tops in white, black and pink, sizes small, medium, large and extra large, with a particular distribution to stores, and a ship date of May 30, 2005. These emails are clearly of the type contemplated by 6A-2-201(2). The email sent by the Eltschlagers on May 11, 2005, nearly three months after the meeting is not. For these reasons, the Magistrate Judge properly rejected Siesta Sol's argument that 6A-2-201(2) applies.

**C. Magistrate Judge Martin properly found that the doctrine of promissory estoppel cannot be applied to circumvent the requirements of the Statute of Frauds in cases involving the sale of goods.**

As discussed at length in Brooks' Memorandum at 6-9, and Brooks' Reply Memorandum at 4-5, promissory estoppel should not be applied to circumvent the requirements of the Statute of Frauds in cases involving the sale of goods. Siesta Sol's Objection Memorandum does not raise any new points on this issue, and Brooks relies on its substantive discussion in its prior memoranda. The Magistrate Judge properly considered all Rhode Island case law in coming to the conclusions not only that the applicability of promissory estoppel in cases involving the sale of goods is an open issue in Rhode Island, but also that Rhode Island courts would refuse to allow applications of promissory estoppel to defeat the requirements of the Statute of Frauds.

**D. This court should adopt the Magistrate Judge's finding that Plaintiff cannot satisfy the requirements of promissory estoppel, even if it is applicable, because there is no clear and unambiguous promise.**

Promissory estoppel has three requirements:

1. A clear and unambiguous promise;
2. Reasonable and justifiable reliance upon the promise; and
3. Detriment to the promisee, caused by his or her reliance on the promise.

Dellagrotta v. Dellagrotta, 873 A.2d 101, 110 (R.I. 2005).

The Magistrate Judge properly concluded that Siesta Sol cannot satisfy the requirement of a clear and unambiguous promise. The Rhode Island Supreme Court has described the "clear and unambiguous promise" requirement as follows:

> The terms of the promise must be certain, for there can be no promissory estoppel without a real promise. Promissory estoppel cannot be based upon preliminary negotiations and discussions or on an agreement to negotiate the terms of a contract.

B.M.L. Corp. v. Greater Providence Deposit Corp., 495 A.2d 675, 677 (R.I. 1985).

The promise at the heart of this case is an alleged promise by Brooks to buy merchandise from Siesta Sol for all of 2005. Siesta Sol does not argue that this was a promise to buy any specific merchandise, rather, only that a promise was made to do business with Siesta Sol in 2005. Even if true, this promise is not of the type for which promissory estoppel provides a remedy. This alleged promise is nothing more than a promise to come to an agreement in the future and promissory estoppel cannot be based on an agreement to negotiate terms of a contract. Id.; see also Report at 23-29 and Brooks' Memorandum at 10-11. Siesta Sol has never disputed that this is the promise upon which its claim for promissory estoppel is based. Therefore, even if this court finds that promissory estoppel may be applied, this court should nonetheless adopt the Magistrate Judge's finding because the Plaintiff's claim is not based on a clear and unambiguous promise.

**E. Equitable estoppel does not apply in this case, and the Magistrate Judge properly considered and rejected this claim.**

Equitable estoppel applies only to "representations made as to facts *past or present*." East Providence Credit Union v. Geremia, 239 A.2d 725, 727 (R.I. 1968)(emphasis added). See also, Report at 30-32 and cases cited therein. Siesta Sol is attempting to enforce an alleged oral promise to do business *in the future*. Even if true, this is undisputably not a

misrepresentation as to facts past or present made by Brooks. Thus, equitable estoppel does not apply.

## V. CONCLUSION

Based upon the foregoing, it is respectfully requested that this court adopt the February 14, 2005 Report and Recommendation of Magistrate Judge Martin in whole, and grant summary judgment in favor of Brooks and against Plaintiff on all counts of Plaintiff's Complaint.

Respectfully submitted,

BROOKS PHARMACY, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Carolyn P. Medina

Michael A. Gamboli (#4684)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903-7120
(401) 861-8200
(401) 861-8210 FAX
mag@psh.com
cpm@psh.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2007, I electronically filed Reply to Objection to Magistrate's Judge's Report and Recommendation with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participant has received notice electronically: **Robert D. Fine, Esq.**

/s/ Carolyn Medina

905020_2/4425-13